United States District Court
Southern District of Texas
**ENTERED**
April 20, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PAULO TREVINO, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-24 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

### OPINION AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND GRANTING MOTION FOR EXTENSION OF TIME TO PAY THE FILING FEE

Petitioner filed this § 2254 petition on January 11, 2016, and April 18, 2016, challenging his 2013 conviction and 45-year prison sentence imposed by the 148th District Court of Nueces County for Possession of a Controlled Substance (D.E. 1, 6). Pending are his motions for an extension of time to pay the filing fee and for appointment of counsel (D.E. 7, 8). Petitioner's motion for an extension of time to pay the filing fee (D.E. 7) is GRANTED. The filing fee shall be paid on or before **May 23, 2016.**

There is no constitutional right to counsel in federal habeas proceedings. *Johnson v. Hargett*, 978 F.2d 855 (5th Cir. 1992). Rule 8 of the Rules Governing § 2254 Cases requires that counsel be appointed if the habeas petition raises issues which mandate an evidentiary hearing. Petitioner has not even paid the filing fee, his petition has not been screened, service has not been ordered, and at this point there are no issues which mandate an evidentiary hearing.

An evidentiary hearing will be scheduled and counsel will be assigned *sua sponte* if there are issues which mandate a hearing. Moreover, counsel may be assigned if

discovery is ordered and issues necessitating the assignment of counsel are evident. Rule 6(a) of the Rules Governing § 2254 Cases; *Thomas v. Scott*, 47 F.3d 713, 715 n. 1 (5th Cir. 1995).

Accordingly, Petitioner's motion for appointment of counsel (D.E. 8) is denied without prejudice.

ORDERED this 20th day of April, 2016.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE