Case 2:16-cv-00024   Document 25   Filed in TXSD on 02/01/17   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
February 01, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| PAULO TREVINO, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 2:16-CV-24 |
| § | |
| WILLIAM STEPHENS, *et al*, § | |
| § | |
| Respondents. § | |

## OPINION AND ORDER DENYING WITHOUT PREJUDICE
## MOTION FOR APPOINTMENT OF COUNSEL

Petitioner filed this § 2254 petition on January 11, 2016, and April 18, 2016, challenging his 2013 conviction and 45-year prison sentence imposed by the 148th District Court of Nueces County for Possession of a Controlled Substance (D.E. 1, 6). A recommendation is pending before the District Court to dismiss the petition as time-barred (D.E. 18) and Petitioner has filed his objections (D.E. 19, 20). Pending is Petitioner's second motion for appointment of counsel (D.E. 21).

There is no constitutional right to counsel in federal habeas proceedings. *Johnson v. Hargett*, 978 F.2d 855 (5th Cir. 1992). Rule 8 of the Rules Governing § 2254 Cases requires that counsel be appointed if the habeas petition raises issues which mandate an evidentiary hearing. An evidentiary hearing will be scheduled and counsel will be assigned *sua sponte* if there are issues which mandate a hearing, but presently there are none.

Moreover, counsel may be assigned if discovery is ordered and issues necessitating the assignment of counsel are evident. Rule 6(a) of the Rules Governing § 2254 Cases; *Thomas v. Scott*, 47 F.3d 713, 715 n. 1 (5th Cir. 1995). Accordingly, petitioner's motion for appointment of counsel (D.E. 21) is denied without prejudice.

ORDERED this 1st day of February, 2017.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE